## JACKMAN & a. v. EASTMAN & a.

62  273
68  493

What damages were occasioned to a party by an injunction, is a question of fact to be determined at the trial term.

DEBT on bond, by Joseph M. Jackman and David M. Aldrich against Samuel C. Eastman, Henry J. Crippen, and John H. Barron.   Facts agreed.   The bond in suit is in the penal sum of $500, and is dated April 22, 1881.   It is the injunction bond so called, filed according to the order of court and under Rule 36 in chancery, in the case of *Eastman & a.* v. *Thayer & a.*, 60 N. H. 408.   The bill in that case was dismissed, and the injunction was dissolved at the September term, 1881. Jackman and Aldrich separately employed counsel to procure a dissolution of the injunction as to each.   The reasonable fees of such counsel were $134.79, paid by Jackman, and the same sum

paid by Aldrich, or $269.58 in all. The taxable costs recovered by Jackman were $47.50, and by Aldrich $42.00, amounting in all to $89.50, and have been paid. The opinion of the court is desired upon the question whether such reasonable counsel fees are a proper item of damages in this suit, and if so, whether the amount of the taxable costs should be deducted therefrom.

*Ray, Drew, Jordan & Carpenter*, for the plaintiffs.

*Samuel C. Eastman*, for the defendants.

CLARK, J. The condition of the bond issued under the 36th rule in chancery is, "to pay and satisfy all such damages as may be occasioned to the adverse party by reason of the injunction." What damages were occasioned to the plaintiffs by reason of the injunction, is a question of fact to be determined at the trial term. We cannot say as matter of law what damages were so occasioned.

*Case discharged.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.